IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

<table>
<tr><td>

SANDRA LANZA MUNOZ
c/o 519 H Street NW
Washington, DC 20001
(Baltimore County)

OLMER LIZAMA CRUZ
c/o 519 H Street NW
Washington, DC 20001
(Baltimore County)

    Plaintiffs,

v.

PEERCE'S OPERATING, LLC
d/b/a PEERCE'S
12460 Dulaney Valley Road
Phoenix, MD 21131
(Baltimore County)

KEHAR SINGH
6006 Charlesmead Road
Baltimore, MD 21212
(Baltimore County)

BHUPINDER SINGH
7528 Flamewood Drive
Clarksville, MD 21029
(Howard County)

    Defendants.

</td><td>

Civil Action No. _____

</td></tr>
</table>

# COMPLAINT

1.    While Plaintiffs worked in the kitchen at Defendants' restaurant, Defendants failed to pay them minimum wage and overtime wages.

2. Plaintiffs bring this action against Peerce's Operating, LLC; Kehar Singh; and Bhupinder Singh ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district and division.

## Parties

5. Plaintiff Sandra Lanza Munoz is an adult resident of Baltimore County, Maryland.

6. Plaintiff Olmer Lizama Cruz is an adult resident of Baltimore County, Maryland.

7. Defendant Peerce's Operating, LLC is a Maryland limited liability company. It does business as Peerce's. Its principal place of business is located at 12460 Dulaney Valley Road, Phoenix, MD 21131. Its resident agent for service of process is Robert Taylor, 407 W. Pennsylvania Avenue, Towson, MD 21204.

8. Defendant Kehar Singh is an adult resident of Maryland. He resides at 6006 Charlesmead Road, Baltimore, MD 21212. He is an owner and officer of Defendant Peerce's Operating, LLC. He exercises control over the operations of Peerce's Operating, LLC — including its pay practices.

9. Defendant Bhupinder Singh is an adult resident of Maryland. He resides at 7528 Flamewood Drive, Clarksville, MD 21029. He is an owner and officer of Defendant Peerce's Operating, LLC. He exercises control over the operations of Peerce's Operating, LLC — including its pay practices.

10. Defendants own and operate the restaurant Peerce's, located at 12460 Dulaney Valley Road, Phoenix, MD 21131.

### Factual Allegations Specific to Plaintiff Lanza Munoz

11. Plaintiff Lanza Munoz worked at Peerce's from approximately December 23, 2019 through approximately June 12, 2022.

12. Plaintiff Lanza Munoz worked as a kitchen laborer.

13. Plaintiff Lanza Munoz's job duties primarily consisted of cutting vegetables, preparing meats for cooking, organizing plates and silverware, washing dishes, and cleaning the bar, restrooms, and workstations at the end of each shift.

14. At all relevant times, Plaintiff Lanza Munoz typically and customarily worked six days per week.

15. At all relevant times, Plaintiff Lanza Munoz typically and customarily worked Tuesday through Sunday.

16. At all relevant times, Plaintiff Lanza Munoz typically and customarily started her workday at 11:00 a.m.

17. At all relevant times, Plaintiff Lanza Munoz typically and customarily finished her workday at 11:00 p.m. on Tuesday, Wednesday, and Sunday; 12:00 a.m. on Thursday, and 1:30 a.m. on Friday and Saturday.

18. Plaintiff Lanza Munoz typically and customarily worked approximately seventy-two and a half hours per week.

19. At all relevant times, Defendants paid Plaintiff Lanza Munoz a biweekly salary.

20. Defendants paid Plaintiff Lanza Munoz approximately the following biweekly salaries:

| Approximate Dates | Biweekly Salary | Effective Hourly Rate |
|---|---|---|
| Dec. 23, 2019–Mar. 27, 2022 | $1,300.00 | $8.97 |
| Mar. 28, 2022–Jun. 12, 2022 | $1,500.00 | $10.34 |

21. At all relevant times, Defendants paid Plaintiff Lanza Munoz by check.

22. At all relevant times, Plaintiff Lanza Munoz worked more than forty hours per workweek for Defendants.

23. At all relevant times, Defendants paid Plaintiff Lanza Munoz the same effective hourly rate across all hours worked within a workweek.

24. At all relevant times, Defendants did not pay Plaintiff Lanza Munoz overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

25. In addition to not paying overtime wages, Defendants did not pay Plaintiff Lanza Munoz the applicable Maryland minimum wage.

26. For Plaintiff Lanza Munoz's work in the three years preceding the filing of this Complaint, Defendants owe Plaintiff Lanza Munoz approximately $47,496.06 in minimum and overtime wages (excluding liquidated damages).

**Factual Allegations Specific to Plaintiff Lizama Cruz**

27. Plaintiff Lizama Cruz worked at Peerce's from approximately January 1, 2013 through approximately June 12, 2022.

28. Plaintiff Lizama Cruz worked as a cook.

29. Plaintiff Lizama Cruz's job duties primarily consisted of preparing, marinating, and cooking food in the kitchen oven, assisting in food running, washing dishes, and cleaning his workstation at the end of each shift.

30. At all relevant times, Plaintiff Lizama Cruz typically and customarily worked six days per week.

31. At all relevant times, Plaintiff Lizama Cruz typically and customarily worked Tuesday through Sunday.

32. At all relevant times, Plaintiff Lizama Cruz typically and customarily started his workday at 11:00 a.m.

33. At all relevant times Plaintiff Lizama Cruz typically and customarily finished his workday at 11:00 p.m. on Tuesday, Wednesday, and Sunday, 12:00 a.m. on Thursday, and 1:30 a.m. on Friday and Saturday.

34. At all relevant times, Plaintiff Lizama Cruz worked approximately seventy-two and a half hours per week.

35. At all relevant times, Defendants paid Plaintiff Lizama Cruz a biweekly salary.

36. In the three years preceding the filing of this complaint, Defendants paid Plaintiff Lizama Cruz approximately the following biweekly salaries:

| Approximate Dates | Biweekly Salary | Effective Hourly Rate |
| --- | --- | --- |
| Jun. 24, 2019–Mar. 27, 2022 | $1,500.00 | $10.34 |
| Mar. 28, 2022–Jun. 12, 2022 | $1,700.00 | $11.72 |

37. At all relevant times, Defendants paid Plaintiff Lizama Cruz by check.

38. At all relevant times, Plaintiff Lizama Cruz worked more than forty hours per workweek for Defendants.

39. At all relevant times, Defendants paid Plaintiff Lizama Cruz the same effective hourly rate across all hours worked within a workweek.

40. At all relevant times, Defendants did not pay Plaintiff Lizama Cruz overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

5

41. In addition to not paying overtime wages, Defendants did not pay Plaintiff Lizama Cruz the applicable Maryland minimum wage.

42. For Plaintiff Lizama Cruz's work in the three years preceding the filing of this Complaint, Defendants owe Plaintiff Lizama Cruz approximately $38,998.48 in minimum and overtime wages (excluding liquidated damages).

**Factual Allegations Common to All Plaintiffs**

43. Defendant Kehar Singh participated in hiring and firing employees on behalf of Peerce's Operating, LLC.

44. Defendant Kehar Singh hired Plaintiffs.

45. Defendant Kehar Singh set Plaintiffs' work schedule.

46. Defendant Kehar Singh set Plaintiffs' salary and manner of pay.

47. Defendant Kehar Singh supervised and controlled Plaintiffs' work.

48. Defendant Kehar Singh had the authority to sign checks on behalf of Peerce's Operating, LLC.

49. Defendant Kehar Singh has signed checks on behalf of Peerce's Operating, LLC.

50. Defendant Kehar Singh was personally aware that Plaintiffs were not being paid the applicable Maryland minimum wage, and that Plaintiffs were not receiving overtime wages.

51. Defendant Bhupinder Singh participated hiring and firing employees on behalf of Peerce's Operating, LLC.

52. Defendant Bhupinder Singh had the authority to supervise and control Plaintiffs' work.

53. Defendant Bhupinder Singh participated in the decisions to set employee's work schedules, including those of Plaintiffs.

54. Defendant Bhupinder Singh participated in the decisions to set Plaintiffs' salary and manner of pay.

55. Defendant Bhupinder Singh had the authority to sign checks on behalf of Peerce's Operating, LLC.

56. Defendant Bhupinder Singh has signed checks on behalf of Peerce's Operating, LLC.

57. Defendant Bhupinder Singh was personally aware that Plaintiffs were not being paid the applicable Maryland minimum wage, and that Plaintiffs were not receiving overtime wages.

58. At all relevant times, each Defendant had the power to hire and fire Plaintiffs.

59. At all relevant times, each Defendant had the power to control Plaintiffs' work schedule.

60. At all relevant times, each Defendant had the power to supervise and control Plaintiffs' work.

61. At all relevant times, each Defendant had the power to set Plaintiffs' rate and manner of pay.

62. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiffs one and one-half times their regular hourly rate for all hours worked in excess of forty hours in any one workweek.

63. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiffs the applicable Maryland minimum wage.

64. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

65. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

66. At all relevant times, Defendants had two or more employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of Maryland.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

67. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

68. Each Defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

69. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

70. Defendants violated the FLSA by knowingly failing to pay Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

71. Defendants' violations of the FLSA were willful.

72. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

73. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

74. Each Defendant was an "employer" of Plaintiffs within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

75. The MWHL requires that employers pay non-exempt employees at least $10.10 per hour from July 1, 2018 through December 31, 2019, $11.00 per hour from January 1, 2020 through December 31, 2020, $11.75 per hour from January 1, 2021 through December 31, 2021, and $12.50 from January 1, 2022 through December 31, 2022. Md. Code, Lab. & Empl. Art. § 3-413.

76. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

77. Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiffs.

78. Defendants violated the MWHL by knowingly failing to pay Plaintiffs one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek.

79. Defendants' violations of the MWHL were willful.

80. For Defendants' violations of the MWHL, Defendants are liable to Plaintiffs for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

81. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

82. Each Defendant was an "employer" of Plaintiffs within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

83. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

84. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

85. The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

86. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiffs all wages due, including minimum and overtime wages.

87. Defendants' violations MWPCL were willful.

88. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiffs for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$262,890.62**, and grant the following relief:

    a. Award Plaintiffs $259,483.62, consisting of the following overlapping elements:

        i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii. unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

        iii. three times the amount of unpaid wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b. Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

c. Award Plaintiffs reasonable attorney's fees and expenses at (as of this date, approximately $3,005.00);

d. Award Plaintiffs court costs (currently, $402.00); and

e. Award any additional relief the Court deems just.

July 7, 2022                    Respectfully submitted,

**DCWAGELAW**

By: /s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiffs*