IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MUNOZ et al,** | * | |
| *Plaintiffs*, | * | |
| v. | * | Civil Case No: 1:22-cv-01670-JMC |
| **PEERCE'S OPERATING, LLC et al,** | | |
| | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On July 7, 2022, Plaintiffs Sandra Munoz and Olmer Cruz filed this wage and overtime lawsuit against Defendants Peerce's Operating LLC, d/b/a Peerce's Plantation, ("Defendant Peerce's), Kehar Singh ("Defendant K. Singh"), and Bhupinder Singh ("Defendant B. Singh"). (ECF No. 1). On October 4, 2022, Plaintiffs filed their Amended Complaint (ECF No. 10), which includes claims under the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"). *Id.* at pp. 8–10. Judge Russell referred this case to the undersigned for all further proceedings, including the entry of judgment, on March 9, 2023.[1] (ECF No. 30). Presently before the Court is Defendant B. Singh's Motion for Summary Judgment (ECF No. 14). In addition to this Motion, the Court has further reviewed Plaintiffs' Opposition (ECF No. 23) and Defendant B. Singh's Reply (ECF No. 25). The Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons

---

[1] On November 15, 2022, the parties filed a correspondence to the Court indicating that there was unanimous consent to refer this case to a United States Magistrate Judge for all further proceedings. (ECF No. 21). On March 1, 2023, the parties filed a Joint Motion to Extend the Scheduling Order deadlines by four months. (ECF No. 28). The parties indicated in their joint motion that despite their unanimous consent given in November 2022, the referral was never effectuated. *Id.* On March 2, 2023, Judge Russell issued an order approving the parties' joint motion for a four-month extension to the scheduling order. (ECF No. 29). As of March 9, 2023, all parties have voluntarily consented to the undersigned handling all further proceedings in this case. (ECF Nos. 34 & 35).

explained below, Defendant B. Singh's Motion is DENIED without prejudice as to Defendant B. Singh's ability to renew this motion at the close of discovery.

I. **Background**

The case *sub judice* results from Plaintiffs' employment at Defendant Peerce's. *See generally* (ECF No. 10). Defendant Peerce's is "a restaurant serving elevated Indian cuisine in Phoenix, Maryland." (ECF No. 14-1 at p. 1).[2] In their Amended Complaint, Plaintiffs alleged that "[e]ach Defendant was an 'employer' of Plaintiffs within the meaning . . . " of the FLSA, the MWHL, and the MWPCL. (ECF No. 10 at pp. 8–10). In his Motion, Defendant B. Singh's sole argument is that "the undisputed facts reveal that Mr. [B] Singh did not possess or exercise any operational control over Peerce's that would give rise to individual liability." (ECF No. 14-1 at p. 1). Defendant B. Singh provides several documents to support his argument against his status as an employer, including (1) the Affidavit of B. Singh (ECF No. 14-3), (2) the Affidavit of K. Singh (ECF No. 14-2 at pp. 2–3), (3) Defendant Peerce's Operating Agreement and subsequent amendment thereto (ECF No. 14-2 at pp. 5–27), (4) Defendant K. Singh's Supplemental Affidavit (ECF No. 25-2 at p. 2), (5) a copy of Defendant Peerce's liquor license (ECF No. 25-2 at p.4), and (6) a copy of Defendant Peerce's food service permit (ECF No. 25-2 at p. 6). In their Opposition, Plaintiffs argue that the Motion is premature in light of discovery being in "its very early stages." (ECF No. 23).

II. **Legal Standard**

A party may move for summary judgment before the commencement of discovery. *See* Fed. R. Civ. P. 56(b). However, moving for "summary judgment before discovery forces the nonmoving party into a fencing match without a sword or mask." *Callender v. Callender*, No.

---

[2] When the Court cites to a specific page number, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

TDC-15-4015, 2016 WL 3647613, at *6 (D. Md. June 30, 2016) (quoting *McCray v. Dep't of Transp., Md. Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014)).  "Consequently, summary judgment [must] be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition." *Callender*, 2016 WL 3647613, at *6 (other citation and internal quotation marks omitted).  "The proper procedure for seeking additional time for discovery is to file an affidavit pursuant to Federal rule of Civil Procedure 56(d) explaining why, for specified reasons, the party needs discovery to oppose a summary judgment motion." *Id.* (citing Fed. R. Civ. P. 56(d); *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)) (internal quotation marks omitted).  Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).  Rule 56(d) "motions are 'broadly favored and should be liberally granted' in order to protect non-moving parties from premature summary judgment motions." *McCray*, 741 F.3d at 484 (quoting *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013)) (other citation omitted).

A district court's ruling on a Rule 56(d) motion is reviewed for "abuse of discretion." *Harrods Ltd.*, 302 F.3d at 244 (other citation omitted).  "A non-moving party's Rule 56(d) request for additional discovery is properly denied where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Disability Rts. Md. v. Prince George's Cnty. Pub. Schs.*, No. GJH-21-3001, 2022 WL 17989576, at *3 (D. Md. Dec. 28, 2022) (other citations and internal quotation marks omitted).  "The movant must do more than merely parrot the potential benefits of any discovery and must identify . . . specific evidence that [the movant] might discover . . . [and] explain how that evidence

3

would create a triable issue of fact that would survive summary judgment." *Id.* (other citations and internal quotation marks omitted). However, "[a]s a general matter, of course, summary judgment is to be 'refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Dave and Buster's, Inc. v. White Flint Mall, LLLP*, 616 Fed. App'x 552, 561 (4th Cir. 2015) (citing *Harrods Ltd.*, 302 F.3d at 244 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, n. 5 (1986))).

### III.    Analysis

Defendant B. Singh's Motion is premature. Both parties agree that "[i]t is well settled that an individual may qualify as an employer and face liability under the FLSA." *Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 416 (D. Md. Sept. 6, 2013). The parties also agree that Maryland Courts have similarly concluded that individuals may be held liable for violations of Maryland's wage and hour laws. *See Qun Lin v. Cruz*, No. 914, 2023 WL 154674, *11 (Md. Ct. Spec. App. Jan. 11, 2023) ("[O]n two prior occasions, this court has affirmed the imposition of employer liability against individuals for violations of Maryland's wage and hour laws, even though the individuals had sought to limit their exposure by forming limited liability companies.").

To determine whether an individual qualifies as an employer under the FLSA, the MWHL, or the MWPCL, Federal Courts and Maryland Court's "apply the economic reality test . . . ." *See id.* at *12; *see also Gaske v. Crabcake Factory Seafood House, LLC*, No. 18-2530, 2021 WL 5326465, *2 (D. Md. Nov. 15, 2021) ("The economic reality test is also used to determine whether an individual qualifies as an employer under the MWHL and MWPCL."). "Under this test, the plaintiff bears the burden of establishing whether the defendant is an employer." *Id.* (citing *Kerr*, 824 F.3d at 83). Relevant factors to consider under the economic reality test include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled

employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Kerr*, 824 F.3d at 83 (other citation omitted). "No one single factor is dispositive, and courts ultimately consider the totality of the circumstances in evaluating whether an induvial qualifies as an employer under the economic realit[y] test." *Gaske*, 2021 WL 5326465 at *3 (citing *Kerr*, 824 F.3d at 83).

Defendant B. Singh argues that he "did not exercise the requisite degree of formal control over the operations of Peerce's[]" to be considered an employer under the relevant statutes. (ECF No. 14-1 at p. 5–6). Citing to his own affidavit, Defendant B. Singh asserts that he has never been an officer or held any role at Defendant Peerce's, nor has he ever had any involvement in the day-to-day operations of Defendant Peerce's. *Id.* at p. 5. Defendant B. Singh further cites his own affidavit to support his contention that he has never possessed or exercised the power to "hire and fire Peerce's employees, supervise employees or control their working conditions, set the work schedules for employees, or determine the pay rates and methods for employees." *Id.* Furthermore, Defendant B. Singh cites his own affidavit as proof that he has never been involved in Defendant Peerce's employee payroll actions, has not maintained employment records, and has no ownership interest in Defendant Peerce's. *Id.* Additionally, Defendant B. Singh points to the affidavit of his brother,[3] Defendant K. Singh, to support the contention that all responsibility and authority relevant under the economic reality test was held by Defendant K. Singh during the relevant period. *Id.* To further support the argument that all responsibility and authority with respect to the operations of Defendant Peerce's fell to Defendant K. Singh, Defendant B. Singh relies on Defendant Peerce's Operating Agreement, liquor license, and food service permit. *Id.* at p. 5–6; (ECF No. 25-1 at p. 2).

---

[3] Plaintiffs Opposition indicates that Defendant K. Singh and Defendant B. Singh are brothers. (ECF No. 23 at p. 3).

Plaintiffs counter and contend that "[o]n this summary judgment record, it is impossible to assess the totality of the circumstances and the number of factors requiring consideration." (ECF No. 23 at p. 3). Specifically, Plaintiffs point out that the conclusory affidavits of Defendant K. Singh and Defendant B. Singh have not been subjected to cross examination. *Id.* Plaintiffs also indicate that the financial documents of Defendant Peerce's—which Defendants have not yet produced—"will shed light on Singh's 'financial interest in the company,' either as a member or investor". *Id.* Furthermore, Plaintiffs indicate that they intend to discover information regarding Defendant B. Singh's involvement in drafting the employee handbook and other policies. *Id.* Plaintiffs contend that this information, combined with the deposition testimony of Defendant Peerce's managers, will give insight into Defendant B. Singh's control over the alleged employment relationships. *Id.* Importantly, Plaintiffs' counsel, Mr. Justin Zelikovitz, has provided a Rule 56(d) declaration attesting to the additional evidence Plaintiffs will seek in discovery.[4] (ECF No. 23-1). Mr. Zelikovitz's declaration states that on October 4, 2022, Plaintiffs sent written interrogatories and requests for production to Defendants. *Id.* at p. 1. Beyond describing the evidence Plaintiffs intend to acquire through discovery requests, Mr. Zelikovitz's affidavit further indicates that depositions of Defendants and the managers of Defendant Peerce's—which will shed light on Defendant B. Singh's involvement in both day-to-day and higher-level decisions—have yet to occur. *Id.* at pp. 1–2. Lastly, Plaintiffs contend that the documents they intend to obtain through discovery exists in "their employers' internal files and correspondence." (ECF No. 23 at p. 4). Therefore, Plaintiffs do not have reasonable access to the

---

[4] This declaration provides further detail regarding the discovery Plaintiffs intend to seek: (a) copies of written correspondence between Defendant K. Singh and Defendant B. Singh; (b) copies of Defendant Peerce's business ledgers and payroll records for the relevant period; (c) copies of documents that reference charges, investigations, or complaints made by other employees against Defendant Peerce's; (d) copies of documents that reference contracts between Defendant B. Singh and Defendant Peerce's and/or Defendant K. Singh; and (e) documents that Defendant B. Singh participated in creating that were in turn used by Defendant Peerce's. (ECF No. 23-1).

sought-after information.  *Id.*; *see also Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014) (A court "should hesitate before denying a Rule 56(d) motion when the nonmovant seeks necessary information possessed only by the movant.").

The Court is convinced that Plaintiffs' request for discovery is appropriate in the case *sub judice*.  While Defendant Peerce's Operating Agreement indicates a lack of ownership on behalf of Defendant B. Singh, this does not conclude the application of the economic reality test. Furthermore, the Court would be remiss if it concluded that the affidavits of Defendant K. Singh and Defendant B. Singh—which appear to be tailored to deny the existence of the economic reality test factors—are sufficient to establish conclusively that Defendant B. Singh is not an employer under the relevant statutes.  Defendant B. Singh's Reply argues that Defendant Peerce's Operating Agreement, liquor license, and food service permit do not contain Defendant B. Singh's name, thereby conclusively establishing that Defendant B. Singh is not an employer of Plaintiffs.  (ECF No. 25-1 at p. 2).  Notably, these are all documents that Defendants have chosen to disclose.[5] However, Plaintiffs have brought to the Court's attention additional documents, such as employee handbooks and payroll records, which may distort or completely transform the picture painted by the documents upon which Defendants currently rely.  To be clear, it could well be that, after

---

[5] Defendant B. Singh takes issue with "Plaintiff's implication that Defendants' discovery responses are untimely . . . ." (ECF No. 25-1 at p. 1, n. 1).  As already indicated, Plaintiffs served discovery requests on October 4, 2022.  (ECF No. 23-1 at p. 1).  Defendant B. Singh asserts that "Plaintiffs agreed to an extension for all Defendants' discovery responses while the parties briefed this Motion." (ECF No. 25-1 at p. 1, n. 1).  The Court did not understand Plaintiffs' Opposition to imply that Defendants' have failed to timely respond to Plaintiffs' pending discovery requests.  Plaintiffs merely stated that "Defendants have not yet responded to any of these interrogatories or requests for production of documents." (ECF No. 23 at p. 2).  Furthermore, the Court is not privy to the agreement between the parties regarding the postponement of discovery responses pending the briefing of this Motion.  However, the Court notes that this Motion has been fully briefed since December 8, 2022.  Despite all this, the Court also recognizes that the parties "had been waiting on a decision on [this Motion] in order to determine the appropriate scope of discovery." (ECF No. 28 at p. 2).  The Court finds that neither party is at fault for any delay in discovery.  However, with this Opinion, the parties are now on notice regarding the scope of discovery.  *See Ketayi v. Health Enrollment Grp.*, No. 20-cv-1198-RSH-KSC (S.D. Cal. Oct. 27, 2022) ("Unless otherwise limited by Court order, the scope of discovery is generally defined by the claims and defenses set forth in the pleadings.").

discovery, the Court can determine as a matter of law that Plaintiffs have failed to meet their burden as to Defendant B. Singh. However, Plaintiffs have not yet been given the opportunity to develop evidence in discovery to the contrary. Accordingly, Plaintiffs should be afforded the opportunity to pursue discovery.[6]

Lastly, the Court recognizes that the parties have a settlement conference with Judge Hurson scheduled for April 5, 2023. (ECF No. 27). In light of this upcoming settlement conference, the parties believe that "it makes sense for the parties to focus on attempting to resolve this matter during the next few months." (ECF No. 28 at p. 2, ¶ 7). This Opinion ensures that the parties will enter the upcoming settlement conference fully aware of the current scope of discovery in this case. Furthermore, this Opinion ensures that the parties are aware of the scope of discovery now that the discovery deadline is June 1, 2023. (ECF No. 29).

### IV. Conclusion

For the foregoing reasons, Defendant B. Singh's Motion for Summary Judgment (ECF No. 14) is DENIED without prejudice as to Defendant B. Singh's ability to renew this Motion at the close of discovery. Furthermore, Plaintiffs' request for discovery pursuant to Rule 56(d) (ECF No. 23) is GRANTED. A separate order follows.

Date: <u>March 16, 2022</u>               /s/
                                J. Mark Coulson
                                United States Magistrate Judge

---

[6] In their Opposition, Plaintiffs present the alternative argument that "triable issues of fact preclude summary judgment for [Defendant B.] Singh." (ECF No. 23 at p. 4). As the Court has determined that Plaintiffs are entitled to pursue discovery pursuant to Fed. R. Civ. P. 56(d), the Court does not address Plaintiffs' alternative argument.